IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BREANNA MOOREHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2011 |
| | ) |
| SAY IT ONCE DOG TRAINING, LLC | ) |
| and VINCENT SOMMA, *individually and* | ) |
| *in his capacity as owner of Say It Once* | ) |
| *Dog Training, LLC*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

**I.    Background**

In this action, Plaintiff Breanna Moorehead ("Plaintiff") is suing her former employer, Say It Once Dog Training, LLC ("Say It Once"), and Vincent Somma ("Somma"), individually and in his capacity as the owner of Say it Once, (collectively, "Defendants"). Plaintiff alleges that, during her employment with Say It Once, she was engaged in a coercive sexual relationship with Somma, which ultimately led to the termination of her employment. Plaintiff's First Amended Complaint (Docket No. 11) (hereinafter, "Amended Complaint"), the operative complaint here, alleges three Counts against Defendants: (I) Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") – Hostile Work Environment; (II) Violations of Title VII – Retaliation; and (III) Violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (the "PHRA").

Presently before the Court is Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint and brief in support (Docket Nos. 13, 14) and Plaintiff's brief in response thereto (Docket No. 16). In their motion, filed pursuant to Rule 12 of the Federal Rules of Civil

1

Procedure, Defendants specifically seek the following: (1) the dismissal of certain claims in the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (2) the dismissal of Plaintiff's request for punitive damages; and (3) that the Court strike one of Plaintiff's averments from the Amended Complaint pursuant to Rule 12(f). In response to Defendants' motion, Plaintiff concedes that certain claims in the Amended Complaint should be dismissed, but she opposes Defendants' other requests.

## II. Standard of Review

Under Rule 12(b)(6), a court must accept as true all factual allegations that are contained in the complaint and must construe those allegations in the light most favorable to the plaintiff to determine whether, "'under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though a court must accept all factual allegations as true for purposes of a Rule 12(b)(6) motion, that obligation does not extend to legal conclusions even if such a conclusion is "'couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Courts in the Third Circuit employ a three-step analysis to evaluate complaints consistent with this standard. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Pursuant thereto, courts first take note of the elements of a claim that a plaintiff must plead, then they eliminate conclusory allegations, and finally they assume the remaining well-pleaded facts are true and assess "'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675-79).

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'The standard

for striking under Rule 12(f) is strict and . . . only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.*, No. Civ.A. 03–2292, 2004 WL 228672, at *6 (E.D. Pa. Feb. 4, 2004)).

### III.   Discussion

Defendants first argue that Plaintiff's Title VII claims at Counts I and II against Somma, individually and in his capacity as owner of Say It Once, should be dismissed pursuant to Rule 12(b)(6) because individual employees or owners of a company cannot be sued under Title VII. (Docket No. 14 at 4-6). In response, Plaintiff agrees that Somma is not subject to individual liability under Title VII and the PHRA, and thus concedes that her claims under those statutes should be dismissed as to Somma in his individual capacity. (Docket No. 16 at 12). Plaintiff does not indicate in her brief that she also agrees to withdraw her claim against Somma in his capacity as owner of Say It Once, nor does she argue that such claim against Somma (in his official capacity) should remain, although Plaintiff does ask to be given leave to amend her claims against Somma if the Court dismisses her Amended Complaint. (*Id.* at 10).

Regardless, the Court notes that the Third Circuit has clearly indicated that individual employees cannot be held liable under Title VII. *See Sheridan v. E.I. Dupont de Nemors & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). Additionally, courts in this Circuit have repeatedly held that Title VII claims cannot be brought against individual employees in their official capacity when the employer is also sued. *See Ulery v. Berrier*, Civ. Action No. 2:22-cv-1234, 2023 WL 5944125, at *4 (W.D. Pa. July 11, 2023) (citing cases); *see also Foxworth v. Pa. State Police*, No. Civ.A. 03-CV-6795, 2005 WL 840374, at *4 (E.D. Pa. Apr. 11, 2005) (holding that "the only proper defendant in a Title VII case is the 'employer,'" and that "pursuing such claims against individuals

3

in their official capacities would be redundant"); *Thourot v. Monroe Career & Tech. Inst.*, Civ. Action No. 3:14-1779, 2016 WL 6082238, at *8 (M.D. Pa. Oct. 17, 2016) (holding that "[o]fficial capacity suits are redundant and duplicative of the claims against the employer," that "[s]uch suits no longer comport with the clear direction provided by the Third Circuit's holding in *Sheridan* disallowing claims against individual defendants," and that allowing "an official capacity suit where the employer is named as a defendant would, ultimately, be a way around the guidance in *Sheridan*"); *Gretzula v. Camden Cnty. Tech. Schs. Bd. of Educ.*, 965 F. Supp. 2d 478, 486 (D.N.J. 2013) (holding that the plaintiff could not "bring a Title VII claim against [her former supervisor] in his official capacity" since "Title VII provides for liability against employers, not supervisors"). Upon review of the allegations in the Amended Complaint, the Court finds that Plaintiff does not state a Title VII claim upon which relief can be granted against Somma as an individual or in his capacity as the owner of Say It Once.[1] Therefore, the Court will grant Defendants' motion to the extent they seek the dismissal of Plaintiff's claims against Somma at Counts I, II, and III of the Amended Complaint.

Second, Defendants assert that Plaintiff's claim for punitive damages should be dismissed with prejudice because Plaintiff has not pled sufficient facts to prove that Defendants acted with malice or were aware or should have been aware that Plaintiff's termination may have been in contravention of the protections afforded her by Title VII. (Docket No. 14 at 6-8). Punitive damages are available to a plaintiff under Title VII, but are limited "to cases in which the employer has engaged in intentional discrimination and has done so 'with malice or with reckless

---

[1] In so finding, the Court notes that, although Plaintiff alleges in her Amended Complaint that both Say It Once (a corporation) and Somma (the owner of Say It Once) were her "employer(s)" (Docket No. 11, ¶ 4), if Plaintiff wishes to recover from Somma under a veil-piercing theory, that intention is not clear, nor are facts alleged in the Amended Complaint to support such a theory. *See, e.g., Eastern Mins. & Chems. Co. v. Mahon,* 225 F.3d 330, 333 n.6 (3d Cir. 2000) (describing piercing the corporate veil, and citing to *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893 (Pa. 1995), as listing factors considered under Pennsylvania law for disregarding the corporate form).

4

indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 529-30 (1999) (citing 42 U.S.C. § 1981a(b)(1)).  Plaintiff argues that she has alleged facts that, if true, would lead to a conclusion that she is entitled to punitive damages under Title VII: that Somma subjected her to a hostile work environment by initiating and pursuing an ongoing, unwanted sexual relationship during her employment; and that when she described the relationship to the company's event planner, her employment was soon terminated.  (Docket No. 16 at 12).  Upon consideration of the allegations in the Amended Complaint and the parties' arguments, the Court finds that, to the extent Defendants move to dismiss Plaintiff's demand for punitive damages (which is simply a remedy request, and not a separate claim), such motion is premature at this juncture in light of Plaintiff's allegations.  The Court therefore declines to strike Plaintiff's punitive damages request from the Amended Complaint at this time.

      Last, pursuant to Rule 12(f), Defendants ask the Court to strike from the Amended Complaint the allegation that, following the termination of her employment, Plaintiff was made aware that Somma had engaged in similar sexual encounters with another female employee of Say it Once.  (Docket No. 14 at 8 (referring to Docket No. 11, ¶ 53)).  Defendants contend that such allegation is irrelevant to Plaintiff's claims, and is only included in the Amended Complaint to vilify Somma in the Court's eyes and to unduly prejudice Defendants.  (*Id.*).  In response, Plaintiff argues that the allegation at issue should not be stricken because it is not impertinent or scandalous or otherwise immaterial to her claims.  (Docket No. 16 at 13).  Plaintiff contends that if Say It Once knew of or tolerated other incidents of Somma engaging in similar unwanted sexual conduct, then those facts would be material to whether her employer was recklessly indifferent to her claims of sexual harassment or otherwise failed to take action to prevent such conduct.  (*Id.*).  Upon consideration of the parties' arguments, the Court agrees that the allegation in question is not

scandalous, impertinent, or immaterial, in light of the other alleged facts of the case. Accordingly, Defendants' motion to strike such allegation pursuant to Rule 12(f) is denied.

### IV. Conclusion

For the aforementioned reasons, the Court will grant in part and deny in part Defendants' Partial Motion to Dismiss, as more specifically set forth below.

An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 29th day of July, 2024,

IT IS HEREBY ORDERED that, for the reasons set forth in the Court's Memorandum, *supra*, Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 13) is GRANTED IN PART AND DENIED IN PART.

The motion is GRANTED to the extent that Plaintiff's claims at Counts I, II, and III against Defendant Somma are DISMISSED WITHOUT PREJUDICE, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The motion is DENIED to the extent that Defendants request the dismissal of Plaintiff's demand for punitive damages as a remedy in this case, and to the extent that Defendants move, pursuant to Rule 12(f), to strike the allegation discussed, *supra*, from the Amended Complaint.

1. IT IS FURTHER ORDERED that Plaintiff, if she chooses to do so, may file a Second Amended Complaint by **August 19, 2024**, in which case Defendant(s) shall file their response thereto by **September 9, 2024**.

2. If Plaintiff does not file a Second Amended Complaint by **August 19, 2024**, then Plaintiff's claims against Defendant Somma will be **dismissed with prejudice**, in

which case Defendant Say It Once shall file its answer to the claims against it set forth in the First Amended Complaint by **September 9, 2024**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record